IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YVONNE DOCKERY                                                                                    PLAINTIFF

      v.                              Civil No. 4:07-cv-04055

CITY OF GARLAND;
CLIFTON ROOTERS;
ROBERT HECTOR;
WILLIE NASH; DEBRA
ROOTERS; GLORIA DEAN
JAMES; DONNIE DUDLEY;
MARTHA FRANKLIN;
TARZAN BANKS; and
BERNARD ARNOLD, SR.                                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's complaint was filed in this case on June 7, 2007. Before the undersigned is the issue of whether the complaint should be served.

On June 15, 2007, the undersigned entered an order (Doc. 6) directing the plaintiff to sign and return an addendum to her complaint. The court received the addendum (Doc. 7) on June 22, 2007.

### Background

Yvonne Dockery is the elected mayor of the City of Garland. *Addendum* at ¶ 1. The City of Garland has a mayor-council form of government. *Id.* at ¶ 2. Clifton Rooters, a named defendant, Willie Nash, a named defendant, Vivian Wyrick, Robert Hector, a named defendant, Elnora Harvey Davis, and Jessie Harvey, are all identified by Dockery as council members. *Id.* Dockery also indicates Donnie Dudley, a named defendant, is claiming Jessie Harvey's seat on the council. *Id.*

Dockery alleges the three council members named as defendants, Clifton Rooters, Robert

-1-

Hector, and Willie Nash, and citizens, Debra Rooters, Gloria Dean James, Donnie Dudley, Martha Franklin, Tarzan Banks, and Bernard Arnold, Sr., will not allow her to perform her duties because of an accusation made when the State Legislative Auditor told people to pay money back that was owed to the City of Garland. *Complaint* at pages 1-3. Dockery indicates she has not been told to pay any money back to the City of Garland. *Addendum* at ¶ 3(A). She alleges Clifton Rooters, Debra Rooters, and Robert Hector, have been ordered to pay money back and Tarzan Banks has been ordered to take some unspecified step in connection with a credit card. *Id.*

Dockery alleges the defendants have, among other things, threatened her with bodily harm, slandered her name, offered her money for sex, conspired to get her out of office, tried to get her in trouble, cursed her in front of the public, threatened to have her jailed, and followed her. *Addendum* at ¶ 3(C). She maintains the defendants have violated the open meetings provision of the Arkansas Freedom of Information Act. *Id.* at ¶ 4. Dockery asserts this causes problems with the citizens. Further, she states the defendants have attempted to appoint a fire chief even though they know she already has a fire chief.

Dockery alleges Clifton Rooters, Robert Hector, and Willie Nash have sabotaged the water wells, the lift station and have harassed utility personnel and various other individuals working in the City. Dockery believes the defendants are taking these actions to make her look bad.

### Discussion

Dockery has asserted the following claims: defamation; violations of the open meeting provision of the Arkansas Freedom of Information Act; interference with governmental operations; and criminal conduct or threatened criminal conduct on the part of the defendants. For the reasons stated below, I find no claims of constitutional dimension are stated. This case is therefore subject to dismissal prior to service of process.

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).

No federal claims exist in this case. First, "defamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in her reputation is not considered liberty or property protected by the due process clause. *See Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Second, violations of the Arkansas Freedom of Information Act are not cognizable under section 1983 because they implicate only state law. *See e.g., Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992)(even a "bad faith violation of state law remains only a violation of state law"). Defendants' alleged violations of the open meetings provision of the state

FOIA do not deprive Dockery of any right, privilege, or immunity secured by the Constitution or laws of the United States.

To the extent Dockery complains the defendants have engaged in criminal conduct by interfering with governmental operations or engaging in various other actions, we note that private citizens have no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

### Conclusion

I therefore recommend the case be dismissed on the grounds no claims are stated over which federal court jurisdiction exists. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Dockery has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Dockery is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of July 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE